## Bosseker *v.* Cramer.

When a verdict, either general or special, is imperfect by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages, the proper step for relief against it, is not by a motion for a new trial, but by an application for a *venire de novo.*

A verdict, defective in the foregoing particulars, can not be deemed "contrary to law," within the meaning of the provision of the code on the subject of new trials.

APPEAL from the *Allen* Circuit Court.

WORDEN, J.—This was an action by the appellant against the appellees for the recovery of a quantity of wheat, the complaint alleging that the defendant *unlawfully detained* the same.

Trial, verdict and judgment for the defendant.

Bosseker *v.* Cramer.

The verdict is in the following form: "We, the jury, find that the defendant did not *unlawfully take and detain* the property of the plaintiff, and that the defendant have return thereof, and we further find that there was seventy-one and one-half bushels of wheat, and the price of said wheat eighty-five cents."

The plaintiff moved for a new trial, because—

1. The verdict is contrary to law.

2. It is contrary to evidence.

3. Newly discovered evidence.

The motion was overruled, exception taken, and judgment entered.

The only point made here is, that the verdict is defective and insufficient on its face. Assuming that the verdict is defective, a point upon which we need express no opinion, the question arises whether the plaintiff took the proper steps to avail himself of the supposed defect.

The statute points out the causes for which a new trial may be granted, and in our opinion a defective and insufficient verdict is not among them. 2 R. S. 1852, p. 117. One of the causes for a new trial is that the verdict "is contrary to law." What is meant by the phrase, "contrary to law," as used in the statute? Clearly not a verdict, that is defective or insufficient in law merely. A verdict may be defective and insufficient in law, and yet not be contrary thereto. We think that a verdict which is contrary to law, is one which is contrary to the principles of law as applied to the facts which the jury were called upon to try; contrary to the principles of law which should govern the cause.

This point is well illustrated by an elementary writer, under the title of "verdict against law," as follows: "After all reasonable precaution and care on the part of the counsel and the court, and the best intentions on the part of the jury, they may err in their finding. Through ignorance, or misappre-

hension of the law, they may agree upon a verdict which is subversive of law. With a view to promote what they conceive to be the justice of the case, and swayed more by their own views of equity than the unyielding principles of law, or hurried away by their own feelings, they are apt to overlook the principles of justice applicable to the case, and thus give rise to a new class of applications to the Court, on the ground of *verdict against law.* 1 Graham on New Trials, 2d ed., p. 326.

Although a defective verdict is not by the common law, nor by statute, made a ground for new trial, properly speaking, yet the remedy is plain and ample. It is by a motion to set aside the verdict and award a *venire de novo.* There is a difference between a motion for a new trial and a *venire de novo.* Thus says Mr. Tidd: "It is a rule that the disallowing of a challenge is not a ground for a new trial, (it may be different, however, under our statute,) but for what is strictly and technically called a *venire de novo.*" 2 Tidd's Prac., 2 Am. ed. 854. The difference between a *venire facias de novo* and a new trial, is thus stated: "A *venire facias de novo*, commonly termed a *venire de novo*, is a second writ of *venire* to summon another jury for a new trial. This is the old common law mode of proceeding to a second trial, and differs from the granting of a new trial in this: the *venire de novo* is awarded for some defect appearing upon the face of the record; a new trial is granted for some matter extrinsic to the record." Again: "A *venire facias de novo* and a new trial, are very different things, though alike in some points. They agree in this, that a new trial takes place in both, and that the court may or may not grant either. They differ in this, that the *venire facias* is the ancient proceeding of the common law; the new trial the modern invention to mitigate the severity of the proceeding by attaint. * * The most material difference between them is, that a *venire de novo* must be granted upon matters appear-

ing upon the record; but a new trial may be granted upon things out of it, as if the verdict be contrary to evidence, or the judge has given wrong instructions." 2 Graham on New Trials 36–7–8.

"A *venire de novo* is granted when the verdict, whether general or special, is imperfect by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages." 2 Tidd's Prac. 922.

The motion for a new trial being properly overruled, and the proper motion to take advantage of the supposed defect in the verdict not being made, it follows that there is no error in the record.

*Per Curiam.*—The judgment is affirmed with costs.

*L. M. Ninde* and *H. N. Puckett*, for the appellants.

*J. A. Fay* and *D. P. Wheedon*, for the appellees.