The CINCINNATI and CHICAGO Railroad Company *v.* WASHBURN.

| 25 | 259 |
|---|---|
| 134 | 76 |

| 25 | 259 |
|---|---|
| 141 | 264 |

| 25 | 259 |
|---|---|
| 171 | 48 |

DAMAGES.—SPECIFIC PERFORMANCE.—Suit against a railroad company upon a contract by which the company agreed, in consideration of the right of way, to fence the road through the lands of the plaintiff, to pay him fifty dollars in freight bonds, and to release him from a subscription to the stock of the company. The complaint alleged a failure to perform on the part of the company, and that a judgment for damages would be unavailing, by reason of the insolvency of the company. Prayer for specific performance and other proper relief.

*Held* that the complaint made a case for damages, but not for specific performance.

DEMURRER.—PRACTICE.—A demurrer assigning for cause that the facts alleged do not "entitle the plaintiff to the relief demanded," is bad under the statute.

SAME.—NEW TRIAL.—The ruling of the court upon a demurrer cannot be assigned as a reason for a new trial, nor can such ruling be reviewed by the Supreme Court in connection with such a motion.

VENIRE DE NOVO.—Where the finding of the court or the verdict of the jury is defective or insufficient, the remedy is by a motion for a *venire de novo.* A motion for a new trial will not present the question.

APPEAL from the *Cass* Common Pleas.

FRAZER, C. J.—This was a suit by the appellee against the appellant upon a written contract, whereby the railroad company, in consideration of the right of way for their railroad over the plaintiff's land, agreed to fence the same on both sides before the cars commenced running; to deliver to the plaintiff $50 in freight bonds, and to release him from a subscription of $50 to the capital stock of the company. It was alleged, by way of breach, that the defendant had wholly failed to perform the contract, except as to part of the fence. It was also averred that the defendant was insolvent, in consequence of which a judgment for damages would be unavailing and worthless. The prayer was for specific performance and other proper relief.

A demurrer to the complaint was overruled, after which an issue of fact was made by a general denial, upon the

trial of which there was a finding, in general terms, "for the plaintiff," and over a motion for a new trial a judgment was rendered for the specific performance of the contract.

The demurrer to the complaint was, we think, correctly overruled. The facts alleged would entitle the plaintiff to a judgment for damages, though we think not for specific performance. The cause of demurrer, however, was that the facts alleged did not entitle the plaintiff to the relief demanded. Our statute does not warrant a demurrer for that cause, and expressly requires such an one to be overruled. 2 G. & H., § 50, p. 76.

The reasons assigned in support of the motion for a new trial were: "1st. The finding is contrary to law. 2d. The court erred in overruling the defendant's demurrer to the plaintiff's amended complaint."

The statute requires written reasons to be filed in support of a motion for a new trial, and enumerates the causes for which it may be granted. 2 G. &. H., §§ 352, 355, p. 211. A ruling upon a demurrer is not among these causes, and cannot be reviewed in this court in connection with such a motion, and ought not, therefore, to be made the foundation of the motion. *Gray* v. *Stiver*, 24 Ind 174.

We have looked into the evidence, and it seems to us abundant to support a recovery of damages by the plaintiff. Indeed, this is not questioned by the appellant in argument, but is rather conceded, for it is only insisted that the case made, as well by the evidence as by the complaint, was one for damages, and not for specific performance. The finding was merely "for the plaintiff," and as no damages were assessed, no judgment for damages could have been properly rendered upon it; and indeed, in the case in hand, no judgment whatever. That the trial was by the court cannot make the finding any more effective than if it had been the verdict of a jury, and, in this case, upon a verdict like this, it would have been impossible for the court to have rendered any judgment. To justify a judgment for damages, the damages must have been assessed; and to

authorize a decree for specific performance, the finding must have shown that the case was one requiring, or at least warranting, that kind of relief, unless the issues were such that no other relief could be proper in the case. In this case, the plaintiff founded his claim upon the insolvency of the defendant. This is a novel proposition, and we are not prepared to assent to it.

But no objection was made to the sufficiency of the verdict. It could not have been reached by a motion for a new trial. The remedy was by a motion for a *venire de novo*. *Bosseker* v. *Cramer*, 18 Ind. 44. It follows that the motion for a new trial was correctly overruled.

The question discussed by counsel is whether the case made by the complaint is a proper one to warrant a decree for specific performance? Error is, however, assigned only upon the ruling of the court below upon the demurrer to the complaint, and upon the motion for a new trial.

The judgment is affirmed, with costs.

*E. Walker*, for appellant.

*D. D. Pratt* and *D. P. Baldwin*, for appellee.