## MARCUS v. THE STATE.

VENIRE DE NOVO.—Where a verdict is defective, the objection should be taken by a motion for a *venire de novo*.

LARCENY.—OWNERSHIP OF GOODS.—The rule laid down in Widner *v.* The State, 25 Ind. 234, approved.

PRACTICE.—SUPREME COURT.—An objection which has not been presented to the court below will not be noticed in the Supreme Court.

LARCENY.—CLERK.—When a clerk who has the possession of the employer's goods, in a store, for the purpose of selling them in the usual course of trade, feloniously removes them from the store, it is larceny.

APPEAL from the *Marion* Circuit Court.

GREGORY, C. J.—*Marcus* was indicted in the court below for grand larceny. Trial by a jury of "freeholders or householders" of the county. Verdict as follows: "We, the jury, find the defendant guilty, as charged in the indictment, and

sentence him to three years imprisonment in the state prison."

The evidence shows that the appellant was, at the time of the larceny, in the employ of *Fiebleman & Rauh,* (the persons from whom the goods are charged to have been stolen), as clerk, salesman, and general manager of the store; that he slept at the store, carried the keys, and caused the same to be opened in the morning by four o'clock; that he made sales and received moneys, and had full authority to sell and dispose of the goods; that the goods stolen were found at a tavern in *Indianapolis;* that they belonged to *Fiebleman & Rauh,* and two other partners. One witness swears that the defendant admitted to him that he stole the goods. The defendant's counsel asked the court to instruct the jury that there was a fatal variance in laying the ownership of the goods in two, of a co-partnership composed of four persons. The instruction was refused.

Motion for a new trial, 1. Because "the court refused to give to the jury such instructions as were asked by defendant, and because the court misdirected the jury in a material matter of law in the charge as given;" 2. Because "the verdict of the jury is contrary to law and evidence."

It is urged that the verdict is contrary to law, 1. Because the jury failed to assess a fine, and to disfranchise the defendant for some determinate period. 2. Because the jury failed to find the value of the property. If this is a defect in the verdict of which the defendant can complain, a motion for a new trial is not the proper remedy; he should have moved for a *venire de novo. Jenkins et al.* v. *Park-hill,* 25 Ind. 473; *Smith et al.* v. *Jeffries, id.* 376; *Bosseker* v. *Cramer,* 18 Ind. 44.

It is claimed that there is a variance between the allegation in the indictment and the proof as to the ownership of the property. This question was fully considered by this court in *Widner* v. *The State,* 25 Ind. 234, and the rule settled, under the statute, on that subject. The court below committed no error in refusing the instruction asked.

It is urged that the jurors ought to have been "house-holders," and not "freeholders or householders," as shown by the record. This objection was not presented to the court below in the motion for a new trial, nor at any other stage of the proceedings. The objection cannot be raised in this court for the first time. It was competent for the defendant to waive the objection, and for aught this court knows it was waived.

It is claimed that the defendant had such a possession of the goods that the taking thereof by him was not felonious. We think otherwise, and that the conviction was right, under the evidence. His possession did not authorize the removal of the goods by him from the store in which they were kept for sale.

The judgment is affirmed, with costs.

*M. M. Ray, J. W. Gordon* and *W. March,* for appellant.

*D. E. Williamson,* Attorney General, for the State.