## WOODWARD *v.* BEGUE.

PROMISSORY NOTE.—*Consideration.*—*Special Finding.*—In an action by an assignee on a promissory note not payable in bank, executed by A. and B., it was answered by B. and found by the jury in answer to interrogatories, that it was agreed by the makers and payee, at the time of the execution of the note, that it should not be valid or binding as against B., until after he should receive a paid up policy of insurance on the life of A. for a certain sum, this being the only consideration for the signing of the note by B., and that no such policy was ever delivered or tendered to him.

*Held,* that this special finding was not inconsistent with a general verdict in favor of B.

PRACTICE.—*Venire De Novo.*—Where a verdict is certain, responsive to the issues, and decides the whole case, a motion for a *venire de novo* will not be sustained.

INSTRUCTIONS TO JURY.—*Issue not Involved in Verdict.*—Where one of several defences put in issue in an action was fraud, but the jury specially found that there was no fraud, and evidently founded their verdict for the defendant on another ground of defence, there was no available error in the refusal of the court to give to the jury, at the request of the plaintiff, an instruction in relation to fraud.

PLEADING.—*General Denial.*—*Estoppel.*—Where, in an action brought by an assignee, on a note not payable in bank, executed by two persons, one of the makers answered fraud and want and failure of consideration, and there was a reply of the general denial only, the defendant pleading such answer could not be debarred from setting up such defences by the fact that, after the execution of said note, he being surety thereon, he used and appropriated another note received by him or his principal, in consideration of said note sued on, by indorsing and delivering said other note to a bank, in payment of another note of said principal held by the bank, on which said surety was indorser, and thus carried out the original intention of the parties to the note in suit, and availed himself of all its advantages to him.

From the Allen Common Pleas.

*W. H. Coombs* and *W. H. H. Miller,* for appellant.

*R. C. Bell* and *W. G. Colerick,* for appellee.

DOWNEY, C. J.—Suit by the appellant against the appellee on a promissory note for one thousand dollars, executed by the appellee and one Comparet to one Story, and by him indorsed to the appellant. Comparet made default. Begue answered:

1. A general denial.

2. . That his signature to the note was obtained by fraud, setting out the facts.

3. That the note was given in consideration that Comparet would immediately procure and deliver to the defendant Begue a paid up policy of insurance on the life of him, the said Comparet, in the sum of three thousand dollars, and for no other consideration whatever, which was known to the payee of the note; that the policy was never procured and delivered to him, of which fact Story was, at the time, informed.

4. That the said note was given without any consideration whatever.

The general denial was afterwards withdrawn, and a reply in denial of the second, third and fourth paragraphs of the answer was filed. A trial by jury resulted in a general verdict in favor of the defendant, and numerous special findings in answer to interrogatories.

The plaintiff moved successively for a new trial, for a *venire de novo*, and for judgment in his favor on the special findings; all of which motions were overruled, and proper exceptions taken. Final judgment was then rendered for the defendant. The errors assigned call in question the correctness of the action of the court in overruling the said several motions.

1. The answers to the interrogatories are too numerous and too long to be set out in this opinion. The jury found that it was agreed by and between Comparet, Story and Begue, at and before the time the note sued on was signed, that the same should not be valid or binding as against Begue, until after Begue should receive the paid up policy of insurance on the life of Comparet for the sum of three thousand dollars; that this was the sole and only consideration which Begue received or was to receive for signing the note; and that no such policy was ever delivered or tendered him. These facts fully sustained the third paragraph of the

answer, and are consistent with the general verdict. In our opinion, there was no such inconsistency of the special findings with the general verdict as would have warranted the court in rendering judgment for the plaintiff, notwithstanding the general verdict against him. Story was a party to this agreement. Hence, the doctrine in *Deardorff* v. *Foresman*, 24 Ind. 481, and cases following it, can have no application here.

2. There is no ground upon which the motion for a *venire de novo* could have been sustained. The verdict was certain, was responsive to the issues, and decided the whole case. *Bosseker* v. *Cramer*, 18 Ind. 44.

3. The only grounds insisted upon in the brief of counsel under the assignment of error relating to the overruling of the motion for a new trial are the insufficiency of the evidence to sustain the verdict, and the refusal of the court to give the seventh, thirteenth, seventeenth and eighteenth instructions asked by the plaintiff. Counsel for appellant argue the case mainly on the ground of fraud. In speaking of the transaction, they say, "that fraud was perpetrated, or at least attempted, by this arrangement, we have no doubt; but surely Story was not the guilty party," etc. Conceding that he was not (and we ought to say in this connection that the jury found, in answer to one of the questions put to them, that he was not), still it must be borne in mind that proof of fraud was not necessary in order to make out a defence to the action. There were other defences pleaded. The note was not governed by the law merchant. The want or failure of consideration might be inquired into, notwithstanding the action was brought by an indorsee. The circumstances attending the execution of the note were known to Story. We do not feel at liberty to reverse the judgment for want of evidence. We think the verdict is not unsupported by the evidence. It is probably in accordance with the justice of the case also.

Counsel for the appellant say: "The charges of the court, so far as given, are strongly in our favor, and, as we

think, the law was correctly given to the jury; but the jury wholly disregarded the instructions of the court, and found their verdict contrary thereto." The court instructed the jury at great length, at the request of the plaintiff, and also at the request of the defendant. Of the charges now objected to by counsel, only the eleventh and seventeenth were mentioned in the motion for a new trial.

The eleventh charge asked by the plaintiff related to the subject of fraud. It is evident from the whole record that the jury did not find their verdict against the plaintiff on the ground of fraud; for, in one of their answers to questions, they expressly negative the existence of any fraud on the part of Story. This being the fact, the refusal of that charge, if there was no good reason for such refusal, would not authorize us to reverse the judgment.

The evidence tends to show that the note sued upon and another for the same amount were given by Comparet, the defendant Begue being his surety on them, in consideration of the transfer by Story to Comparet of two notes of like amount held by him on one Stoner, and that the Stoner notes were afterwards transferred to the Fort Wayne National Bank, in payment of paper of Comparet, on which Begue was indorser, held by the bank. The seventeenth charge asked by the plaintiff was as follows:

"If you find from the evidence that the defendant Begue, after the execution of the note sued on, used and appropriated the notes of John Stoner, received by himself or Comparet in consideration of it, by endorsing and delivering the same to the bank, in payment of the debt of himself and Comparet to the bank, and thus carried out the original intention of himself and both the other parties to the transaction, and availed himself of all its advantages to him, he will be debarred from setting up any defence to this note on the ground of fraud or want of consideration."

The only reply filed by the plaintiff to the answer of the defendant was the general denial. As this instruction sought to have the court state to the jury that Begue might

be debarred from setting up the defences alleged by him in consequence of something which he did after the execution of the note, it becomes a question, we think, whether that after-occurrence can be shown under the issues formed by the general denial, or whether it should not have been specially replied. The statutory rule is, that " under a mere denial of any allegation, no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove." The circumstance relied upon in the instruction is in the nature of an estoppel by matter occurring *ex post facto*. It did not tend to negative the allegations of defence made by the defendant. We think, for this reason, the seventeenth instruction asked was properly refused.

The judgment is affirmed, with costs.

WORDEN, J., was absent.

BIDDLE, J., dissenting, delivered the following opinion:

Suit on a promissory note, made by David F. Comparet and the appellee, to James Story, for one thousand dollars, and endorsed by Story to the appellant. Begue alone appeared, and pleaded:

1. That the appellant had no interest in the note, but brought the suit as the agent of Story.

2. Fraud, specially alleged, praying for affirmative relief.

3. That the consideration of the note was a certain paid up life policy, which was never delivered to him.

4. That the note was given without consideration.

A demurrer was sustained to the first paragraph of answer, but there is no question made upon this ruling. Replies were filed, and issues formed on the second, third and fourth paragraphs of answer, a jury trial had, and a general verdict rendered for defendant, with special findings in answer to interrogatories. A motion for a new trial, a motion for a *venire de novo*, and a motion for judgment for appellant on the special findings were made in order, and overruled. Exceptions and appeal.

The answers to the special interrogatories find as follows:

1. That, at the time the note was executed, Begue was indebted to the Fort Wayne National Bank, as the endorser of Comparet, upon four notes of five hundred dollars each.

2. That at the time the note sued on was executed, another similar note was executed by Comparet and Begue, and both delivered to Story, the payee.

3. Answer, no evidence.

4. That there was no combination between Comparet and Story to cheat Begue by obtaining his signature to the note sued on.

5. That Story practised no fraud on Begue, to obtain his signature.

6. That Story received no other consideration for the two notes on Stoner, each for one thousand dollars, than the two notes of Comparet and Begue, one of which is the note sued on.

7. That Story derived no benefit from the Stoner notes, assigned and delivered by him, other than the two notes of Comparet and Begue.

8. That it was the understanding of all the parties, and the agreement of Comparet and Begue, that the Stoner notes were to be used for the payment of Comparet's notes in bank, upon which Begue was security.

9. That it was the arrangement between Begue and the bank, that the Stoner notes were to be left in the bank, to be applied to Comparet's notes for two thousand dollars, endorsed by Begue, in case Stoner said they were all right.

10. That Stoner's notes were afterwards, about January 11th, 1868, endorsed by Begue to the bank, and applied to the payment of Comparet's notes, endorsed by Begue, with Begue's consent.

11. That Stoner paid his notes, thus endorsed, to the bank.

12. That Story gave the two Stoner notes as the consideration of the two notes made by Comparet and Begue, in

good faith, without fraud, or any knowledge of fraud on the part of Comparet.

13. That the promise of Comparet to Begue to procure for him a life policy was made in good faith.

The interrogatories upon which the above findings were had were asked by the appellant. The appellee asked the interrogatories upon which the following findings were had:

1. That Story was willing that Comparet should use the Stoner notes to pay off his, Comparet's, debt to the bank.

2. That the note sued on was delivered to Story upon the condition that it should not be binding against Begue, unless the policy on Comparet's life was delivered to Begue, to which Story consented.

3. That no such policy was ever delivered or tendered to Begue.

4. That the Stoner notes were delivered to Comparet by Story, before the note sued on was signed.

5. That Comparet took the Stoner notes to the bank on the 10th day of December, 1867.

6. That the note sued upon was signed by Begue for the sole consideration that he should receive a policy on the life of Comparet for three thousand dollars.

7. That it was agreed between Comparet, Story and Begue, that the note sued on should not be binding on Begue until he had received the policy on the life of Comparet.

8. That Begue did not receive, and was not to receive, any other consideration for signing the note sued on than the policy on the life of Comparet.

9. That the two Stoner notes were delivered to Comparet by Story, to be used in payment of Comparet's debts to the bank, on which Begue was surety.

10. That the two Stoner notes were placed in the bank by Comparet.

11. The bank, on receipt of the Stoner notes, on the 11th day of January, 1868, in payment of Comparet's debt, gave up to Comparet his notes thus paid.

12. The arrangement thus to pay Comparet's debt with the Stoner notes was made by Comparet with the bank.

13. That Begue endorsed the Stoner notes to the bank for the purpose of strengthening them, and not as the owner thereof.

14. The first time that Begue ever saw the face of the Stoner notes was on the 11th day of January, 1868.

The note sued on and the endorsement, which show the right to be in the appellant, were admitted by the pleadings. The answers to the interrogatories find that the consideration of the note, and of one similar to it for the same amount, was the notes on Stoner of equal amounts. That the Stoner notes were thus obtained for the purpose of paying Comparet's debt to the bank, upon which Begue was security. That Begue endorsed the Stoner notes to the bank for that purpose. That the bank received them in payment of Comparet's notes, which were surrendered by the bank, thus relieving Begue from his suretyship, as well as Comparet from his debt. The consideration is thus shown. It has not failed, but was received and enjoyed by the makers by their own act, for their joint benefit, and there is no fraud. These facts negative all that is alleged in the several paragraphs of the answer, and, as it seems to me entitle the appellant to a judgment in his favor below, notwithstanding the general verdict.

Findings to interrogatories 2, 3, 6, 7 and 8, asked by appellee, do not militate against this view. It was not necessary that any consideration should move directly from Story to Begue, to sustain the note, provided there was a good consideration moving from Story to Comparet, because Begue signed the note as surety for Comparet. But there was a good consideration moving from Story to Begue, namely, the Stoner notes, the benefits of which went to Begue, by relieving him as the surety of Comparet on the bank debt. Nor does the agreement of Comparet, with the consent of Story, to furnish the life policy to Begue, upon which Begue's liability on the note was to depend, in the least affect the

case.   The policy to be given to Begue was no part of
the consideration of the note between Story as payee and
Comparet and Begue as makers; that was an arrangement
solely between Comparet and Begue.   True, Begue's lia-
bility to Story on the note depended on the delivery
of the policy; and if Begue had stood by his rights under
this condition, and not accepted the benefit of the Sto-
ner notes, which formed the real consideration of the note
sued on, he would have had a good defence to this action;
but he cannot receive the benefit of the Stoner notes and
then say the consideration of the note in suit has failed
because Comparet never furnished him the policy.   In my
opinion, the judgment should be reversed.