Leeds *v.* Boyer *et al.*

LEEDS *v.* BOYER ET AL.

PLEADING.—*Fraud.—Contract.—Rescission.*—In an action to rescind a contract for fraud, an allegation, that a false statement as to a material matter was made by one of the parties, and in good faith relied on by the other, sufficiently shows fraud.

PRACTICE.—*Instruction to Jury.—Supreme Court.*—To make instructions given to a jury by the court a part of the record on appeal to the Supreme Court, they must be signed by the judge and filed as a part of the record.

SAME.—*Verdict.—New Trial.— Venire de novo.*—Uncertainty in a verdict is not reached by a motion for a new trial, but by a motion for a *venire de novo.*

SAME.—*Amendment.*—The court may properly, after the conclusion of the evidence in a case, refuse leave to withdraw an answer to allow the filing of a demurrer to the complaint.

From the Tipton Circuit Court.

*J. S. Tarkington, J. Green* and *C. E. Hendry,* for appellant.

*F. M. Trissal, N. R. Overman* and *D. Moss,* for appellees.

PERKINS, J.—Complaint charging fraud in a contract and trade, closing with the following prayer:

"Wherefore the plaintiff asks the court to decree, that said trade and exchange of lands be in all things rescinded; that the plaintiff has sustained damage by reason of said fraud aforesaid, in the sum of three thousand dollars; and that, if said trade and change can not be rescinded as to said Effa Boyer, then the plaintiff demands judgment against said defendant, Leeds, in the sum of three thousand dollars; and the plaintiff asks for other proper relief."

Issues were formed and tried, and a verdict returned for the plaintiff, accompanied by answers to interrogatories.

Judgment for the plaintiff on the verdict and answers, for sixteen hundred and fifty dollars.

The errors assigned in this court are:

VOL. LIX.—19

"1.    The court erred in overruling the appellant's separate demurrer to the amended complaint.

"2.    The court erred in overruling the appellant's motion for leave to withdraw his separate answer and file his separate demurrer to the amended complaint.

"3.    The court erred in overruling the appellant's motion for judgment in his favor, on the special findings of the jury.

"4.    The court erred in overruling the appellant's motion for a new trial.

"5.    The court erred in overruling the appellant's motion in arrest of judgment."

The court did not err in overruling the demurrer to the amended complaint.    The facts showed a gross fraud on the part of the appellant, Leeds, by making false statements, on which the appellee, in good faith, relied in making the trade in question.    It presents a stronger case of fraud than was presented in the case of *The State* v. *Holloway*, 8 Blackf. 45.    See *Laidla* v. *Loveless*, 40 Ind. 211 ; *Woodruff* v. *Garner*, 27 Ind. 4.

As to the second assignment of error, it would, if such a ruling as that complained of was made, in many cases at least, involve matter in the discretion of the court; but in this case the record shows no such motion till after the conclusion of the evidence in the cause, and then made without any reason assigned therefor.

No such ruling as that stated in the third assignment of error appears in the record.

The fourth assignment is the overruling of the motion for a new trial.

The grounds for a new trial stated in the motion were :

1.    Verdict contrary to law ;

2.    Contrary to evidence ;

3.    Verdict not sustained by evidence ;

4.    Verdict contrary to instructions ;

5.    General verdict inconsistent with special findings ;

6. Uncertainty in verdict;

7. Newly-discovered evidence;

8. Surprise;

9. Giving the 8th instruction to the jury; and,

10. Error of law occurring at the trial.

The evidence is not in the record. There is nothing in the record showing surprise, or newly-discovered evidence, or any error of law occurring at the trial. There is no inconsistency between the general verdict and the special findings. We do not think the instructions are in the record. We do not think there is any bill of exceptions in the record. The statute provides, that "All instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record." See 2 R. S. 1876, p. 168, and notes. This was not done in this case.

Uncertainty in the verdict is not reached by a motion for a new trial, but by a motion for a *venire de novo. The Cincinnati, etc., R. R. Co.* v. *Washburn,* 25 Ind. 259; *Marcus* v. *The State,* 26 Ind. 101; *Gulick* v. *Connely,* 42 Ind. 134.

As the instructions are not in the record, we can not notice them.

The motion in arrest of judgment, and the action of the court upon it, were as follows:

"The defendant moves the court in arrest of judgment herein, on the general verdict and special findings of the jury; and the court, being advised, overrules said motion."

We discover no available error in the record.

The judgment is affirmed, with costs.