CLARK ET AL. *v.* BROWN.

PROMISSORY NOTE.—*Action by Endorsee, Against Maker.—Application to be made Party.—Cross Complaint.*—In an action by an endorsee, against the makers, on a promissory note, A. filed an application to be made a party, and also filed a cross complaint against the makers, payee and endorsee, alleging that the note in suit had been assigned to A. by the payee, by delivery merely, and that it had subsequently been surreptitiously taken by the payee and endorsed to the plaintiff. A general denial of this cross complaint was filed by each of the other parties.

*Held,* that the application and cross complaint were sufficient.

SAME.—*Verdict.—Venire de Novo.*—A verdict having been found in such case for A., as against the makers and endorsee, but silent as to the payee, a *venire de novo* should have been granted to the latter.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellants.

BIDDLE, C. J.—Philip H. Smith and George W. Smith executed their promissory note to Thomas J. Clark. Thomas J. Clark assigned the note by endorsement to William Clark, who, as such assignee, brought this complaint against the makers of the note, to which they filed an answer in four paragraphs, in each of which they admitted the execution of the note, and set up affirmative matter as a defence.

At this stage of the proceedings, Sarah J. Brown appears and makes application to become a party to the

suit, and files her counter-claim, making the assignee, the payee and the makers of the note parties defendants thereto, alleging that the note was assigned to her by the payee, by the delivery thereof to her; and that, afterward, it was surreptitiously taken from her and assigned to William Clark, and suit brought thereon by him, as aforesaid; praying that the payee may answer as to his interest in the note, and judgment for the amount due against the makers. The plaintiff, William Clark, moved to strike the application of Sarah J. Brown from the files, which motion was overruled and exception reserved. The defendants to the counter-claim of Sarah J. Brown answered separately, by general denial.

After these issues were joined, demurrers were sustained for the want of facts to the second and third paragraphs of answer to the original complaint, and a reply filed denying the first paragraph, leaving the fourth paragraph unnoticed. The case was then tried by a jury and a verdict rendered in the following words :

" We, the jury, find for the defendant Mary J. Brown, as against the plaintiff, William Clark ; and, as against the defendants Philip H. Smith and George W. Smith, we find for the defendant Sarah J. Brown, and assess her damages at six hundred dollars."

Judgment on the verdict.

William Clark and Thomas J. Clark moved the court, separately, for a *venire facias de novo.* The motions were overruled and exceptions reserved. The ground taken in support of the motions was, that the verdict did not find upon all the issues. The motion of William Clark, we think, was properly overruled. The verdict was against him, and in favor of Sarah J. Brown ; but it is plain to us that the motion of Thomas J. Clark ought to have been sustained. There was no finding as to him. His general denial to the counter-claim put in issue the assign-

ment of the note to Sarah J. Brown, by delivery, and, without a finding by Thomas J. Clark on this issue, Sarah J. Brown is not entitled to judgment; for, if the note was not her property, she could not recover. The doctrine is well settled, that, where there is not a finding in a verdict upon all the material issues in the case, a *venire facias de novo* should be allowed. *Whitworth* v. *Ballard,* 56 Ind. 279; *Leeds* v. *Boyer,* 59 Ind. 289; *Hershman* v. *Hershman,* 63 Ind. 451; *Anderson* v. *Donnell,* 66 Ind. 150; *Locke* v. *The Merchants National Bank,* 66 Ind. 353; *Ridenour* v. *Beekman,* 68 Ind. 236.

The court properly overruled the motion to reject the application and counter-claim of Sarah J. Brown. They are clearly sufficient.

The judgment is reversed, at the costs of the appellee, and the cause is remanded, for further proceedings according to this opinion.