Peed *et al. v.* Brenneman, Jr., *et al.*

No. 8695.

PEED ET AL. *v.* BRENNEMAN, JR., ET AL.

HIGHWAY.—*Remonstrance.*—*Public Utility.*—*Damages.*—A person, through whose land it is proposed to locate a public highway, may remonstrate upon the ground of the inutility thereof, and in the same remonstrance claim damages therefor.

Peed *et al. v.* Brenneman, Jr., *et al.*

SAME.—*Practice.—Verdict.—Venire de Novo.*—On the trial of a cause in relation to the location of a public highway, in which there was a re- monstrance on account of the inutility thereof and for damages, the verdict was in favor of its public utility, but as to one of the remon- strants found neither for nor against him on the question of damages.

*Held*, that such verdict was so defective that a judgment could not be rendered thereon as against such remonstrant, and that he was entitled to a *venire de novo* for the trial of the whole cause, including the question as to the public utility of such proposed highway.

*Held*, also, that this would open up the whole question of public utility of such highway not only as to him, but also as to the other remonstrants.

PRACTICE.—*Venire de novo.—New Trial.*—A *venire facias de novo* and a new trial are different, though alike in this, that a new trial takes place in both.

SAME.—A new trial implies an examination of all, and not a part only, of the issues between the parties to whom it was granted.

From the Henry Circuit Court.

*J. H. Mellett, E. H. Bundy, D. W. Chambers* and *W. O. Barnard*, for appellants.

*M. E. Forkner* and *J. Brown*, for appellees.

WORDEN, J.— The appellees, Brenneman and others, filed a petition before the board of commissioners of Henry county for the location and establishment of a certain high- way. The petition showed that the proposed highway would run through the lands of John R. Peed, Robert M. Cham- bers, Harrison Goodman and Elisha Clift, among others.

Viewers were appointed, who reported in favor of the public utility of the proposed highway.

Peed and others filed a remonstrance on the ground that the proposed highway was not of public utility; also, claim- ing damages in case it should be established.

Reviewers were thereupon appointed, who reported against the public utility of the proposed highway, but reported damages in favor of several remonstrants in case it should be established. After the return of the report of the re- viewers, the board decided against the establishment of the highway, and the petitioners appealed to the circuit court,

where the cause was tried by a jury, who returned the following verdict, viz. :

"We, the jury, find for the petitioners, and that the proposed road will be of public utility, and we find and assess damages in favor of the remonstrants, as follows :

| | |
|---|---|
| Robert M. Chambers, - - - - - | None. |
| John R. Peed, - - - - - - - | None. |
| Harrison Goodman, - - - - - | None." |

The remonstrants filed the following motion, viz. :

"'The remonstrants in the above entitled cause move the court to set aside the verdict in this case, and grant a *venire de novo*, upon the following grounds : 1st. Said verdict, as to the remonstrant Elisha Clift, finds neither for nor against him on the question of damages."

The court sustained the motion as to Elisha Clift on the question of damages, and overruled it as to him on the question of public utility, and overruled it as to the other remonstrants. Exception. The question of Clift's right to damages was afterward tried by the court, and found against him, and the court made the proper order for the location and opening of the highway.

The remonstrants, appellants herein, have assigned error, among other things, upon the ruling of the court in overruling a motion to dismiss the appeal from the board of commissioners, and upon the overruling of the motion for a *venire de novo*.

The motion to dismiss the appeal was based upon the assumed ground that it was not taken within the time prescribed by law after the final decision of the board ; but, as we understand the record, the appeal was taken in time.

But we are of opinion that the court erred in overruling the motion for a *venire de novo*. Elisha Clift remonstrated upon the ground of the inutility of the proposed highway, and also claimed damages. This he could do in the same remonstrance. *Butterworth* v. *Bartlett*, 50 Ind. 537. He

had the right to have the jury pass upon both these questions. The verdict did not do so, as was conceded by the ruling of the court on the motion so far as his claim for damages was concerned.

Suppose that Clift had been the only remonstrant, and the verdict had been in favor of the utility of the proposed highway, but had settled nothing as to his damages, could a *venire de novo* have been awarded to try, not the whole issue, but the part only left undetermined by the verdict? We think not. *Clement* v. *Lewis*, 3 Brod. & B. 297.

"A *venire facias de novo* and a new trial, are very different things, though alike in some points. They agree in this, that a new trial takes place in both." *Bosseker* v. *Cramer*, 18 Ind. 44. A new trial implies a re-examination of all, and not a part only, of the issues between the parties as to whom it is granted.

The verdict being so defective that judgment could not be rendered upon it as against Clift, he was entitled to a *venire de novo* for the trial of the whole case, including the question as to the public utility of the proposed highway; and this would open up the whole question of utility, not as to him only, but to the other remonstrants, because, if upon the new trial the question of public utility should be found against the petitioners, the highway could not be established against the other remonstrants. This gave the other remonstrants such an interest in the question as authorized them to unite with Clift in the motion.

We are of opinion, as before intimated, that the court below erred in not sustaining the motion for a *venire de novo*.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.