## MAXWELL *v.* WRIGHT ET AL.

[No. 20,117.    Filed May 12, 1903.]

TRIAL.—*Defective General or Special Verdict.*—*Remedy.*—Where a special verdict or special finding is defective, because there is not a finding of all the matters in issue, or a finding of facts to exist which were not proved, the remedy is by motion for a new trial; but this rule is not applicable to general verdicts. *p. 518.*

SAME.—*Defective Verdict.*—*Venire de Novo.*—Where, on an issue as to the execution of a note by two defendants, there was a general verdict for one of the defendants, such verdict was defective as not being responsive to the whole case, and a *venire de novo* should be awarded as to both defendants. *pp. 516-521.*

From Steuben Circuit Court; *E. D. Hartman,* Judge.

Action by William H. Maxwell against Henry Wright and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under clause 2, §1337j Burns 1901. *Reversed.*

*Willis Rhoads* and *E. D. Salsbury,* for appellant.

*D. R. Best, E. A. Bratton, C. A. Yotter, W. G. Croxton* and *F. M. Powers,* for appellant.

HADLEY, C. J.—This action was commenced by appellant on a promissory note executed by appellees. Appellees, Henry Wright and Cyrus Wright, filed separate verified answers denying the execution of the note. Appellee Monroe Wright was defaulted. Appellant filed separate replies to the answers of Henry and Cyrus Wright. The replies filed by appellant to the separate answers of appellees, Henry and Cyrus Wright, were identical. They alleged the execution of the note in suit; that appellees were brothers; that it was a common occurrence, and well known, that appellees were accustomed to sign notes for and with each other; that the appellee Monroe Wright was the principal of said note; that when the note became due appellant notified each of the appellees separately that he expected the note to be promptly paid, and each of the notices was

received by the party for whom it was intended; that appellees, Henry and Cyrus Wright, well knew that the note was a forgery, and failed to notify appellant; that the appellant relied upon said appellees, and refrained from taking steps to collect the amount of said note, which he could have done had he known at the time that it was a forgery; that at that time Monroe Wright, the principal in said note, had the means to pay the same, but that he afterward disposed of his property and secretly left the State; that the appellees, Henry and Cyrus Wright, assisted their said brother Monroe to leave the State, and after he had so left, they then made known to the appellant that the note was a forgery. The separate demurrer of Henry and Cyrus Wright to appellant's reply was overruled. The cause was tried by a jury and a general verdict returned, which, omitting the caption and signature, was as follows: "We the jury find for the defendant Henry Wright." Appellant filed a motion for a *venire de novo,* which motion was overruled by the court as to the defendant Henry Wright and sustained as to the appellees Cyrus and Monroe Wright, and a *venire de novo* was by the court ordered as to the last named appellees.

Upon a proper assignment, appellant urges that his motion for a *venire de novo* should have been sustained as to all of the defendants, and his whole case again put upon trial. For many years the rule of the common law, as stated in 2 Tidd's Prac., 922, and affirmed and followed in *Bosseker* v. *Cramer,* 18 Ind. 44, 47, and in a great many other cases before and after the Bosseker case, was, in this State, the recognized rule relating to the office of a *venire de novo.* The rule as there stated is this: "A *venire de novo* is granted when the verdict, whether general or special, is imperfect by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages." The introduction of our practice code in 1852 seems to have had no effect upon the applica-

tion of the rule until this court's attention was, in 1879, in *Graham* v. *State, ex rel.,* 66 Ind. 386, 394, drawn to what are now §§554, 560 Burns 1901. Section 554 provides that "A special verdict is that by which the jury find the facts only, leaving the judgment thereon to the court." Section 560 enacts that "Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff, or defendant, unless one of the parties request it, with a view of excepting to the decision of the court upon the questions of law involved in the trial, in which case the court shall first state the facts in writing, and then the conclusions of law upon them, and judgment shall be entered accordingly."

In the well reasoned opinion in the Graham case the court holds in effect that the old rule is not applicable to special verdicts and special findings under the above sections of our code, if such verdict or finding has in it substance enough to form the basis of a judgment for either party. The reason is this: In the one case the only province of the jury is to find all the proved—not the unproved —facts. In the other, the court must find all the facts within the issues that have been established by the evidence, and should leave unstated all the issuable facts not proved by the party assuming to do so. The only difference in the two cases is that in the former the court must apply the law to the facts as they exist by the verdict of the jury, which he may do without disclosing his views, and in the latter he must state in writing what he conceives the law to be as applicable to the facts he has found proved, with a view of enabling the losing party to challenge the soundness by appeal, and judgment shall be rendered accordingly. In both cases it must be assumed that all the facts the parties were able to prove are stated, and that all absent facts were left unstated, because unproved, and the verdict is not, therefore, defective. Hence the rule that all issues and material facts not found in a special finding or special

verdict will be adjudged against the party who had the burden of proving them. *Glantz* v. *City of South Bend,* 106 Ind. 305; *Pittsburgh, etc., R. Co.* v. *O'Brien,* 142 Ind. 218, 222.

Special verdicts or special findings thus arrived at are fair upon their face, and reveal no infirmity; and if mistakes have been made by finding less than all the matters in issue, or in finding facts to exist that were not proved, these are matters extrinsic the record, and the remedy is by motion for a new trial, and not by *venire de novo. Indiana, etc., R. Co.* v. *Finnell,* 116 Ind. 414, 420; *Citizens Bank* v. *Bolen,* 121 Ind. 301, 304.

Where, however, a special verdict or finding shows that the evidentiary facts, and not the ultimate facts, have been found, and it appears that such evidentiary facts are sufficient to establish the ultimate facts alleged in the complaint, such a verdict or finding shows upon its face that it is defective for failure to find the facts set forth in the complaint, proved, and a *venire de novo* should be ordered. *Boyer* v. *Robertson,* 144 Ind. 604, 607, and cases cited; *Craver* v. *Carver,* 83 Ind. 368; *Locke* v. *Merchants Nat. Bank,* 66 Ind. 353.

The reasons that called for a modification of the old rule as to special verdicts and findings do not apply to general verdicts. In the former it is not the province of the jury to determine which party shall prevail in the action. That is left to the court; while in the general verdict the jury is required, under the instructions of the court as to the law of the case, to find generally from the facts proved and unproved, whether the plaintiff or defendant has succeeded on the issues made by the pleadings. Hence, when the jury fails to find for the plaintiff or defendant on an issue between the parties, it is apparent from the verdict that the jury has stopped short of a full determination of the case, and the verdict is therefore ill and defective, and subject to a *venire de novo. Crouch* v. *Martin,* 3 Blackf. 256; *Wright*

v. *State, ex rel.,* 8 Blackf. 385 ; *Bosseker* v. *Cramer,* 18 Ind. 44 ; *Jenkins* v. *Parkhill,* 25 Ind. 473, 475 ; *Whitworth* v. *Ballard,* 56 Ind. 279, and cases cited; *Leeds* v. *Boyer,* 59 Ind. 289.

Furthermore, a general verdict or finding is arrived at by a finding, from the whole evidence, that the facts essential to a recovery have been proved or have not been proved, and the verdict or finding is the result of the deductions and inferences of fact drawn from a consideration of all the evidence; hence the rule that all reasonable presumptions and intendments must be indulged in support of such verdict or finding. *Central Union Tel. Co.* v. *Fehring,* 146 Ind. 189, 193.

In this case the issues joined involved the execution by Henry and Cyrus Wright of the note sued on. Its execution was affirmed by the plaintiff, and denied by each of these defendants. These issues were submitted to the jury as parts of a single trial. The plaintiff was entitled to have both determined, and the trial was incomplete without it. So, when the verdict was returned showing upon its face that there had been no finding either for the plaintiff or defendant on the issue made by Cyrus Wright, the verdict was bad, because not broad enough to cover the case tried, and therefore inadequate as a basis for a judgment either for or against the plaintiff or both defendants upon the whole case.

As against the plaintiff, we can not approve the contention that the verdict was good and effective as to Henry Wright, because full and complete as to him. The court could not require the plaintiff to try his case by piecemeal. When he had given his evidence, and the defendants had given theirs on both issues, the plaintiff had a right to a finding as broad as the evidence. It is not certain that the jury would have returned the same verdict as to Henry Wright if they had been required to pronounce at the same time upon the issue made by Cyrus Wright. And the ver-

dict being defective for not being responsive to the whole case, it must be held ineffective for any part of it, and therefore a nullity. *Peed* v. *Brenneman,* 72 Ind. 288; *Ridenour* v. *Beekman,* 68 Ind. 236, 238. In this last case the court quotes approvingly from 1 Graham & Waterman, New Trials, 140, the following: "If the jury find only a part of the issues, judgment can not be entered on the verdict. It is void for the whole, and a *venire de novo* will be awarded." It follows that the court erred in overruling appellant's motion for a *venire de novo* as to all the defendants.

While there is no real conflict among our many cases upon this subject, there is apparently some confusion, manifestly the result of a careless use of language employed in making general statements concerning the office of a *venire de novo*. In all the cases we have examined, decided since the case of *Graham* v. *State, ex rel.,* 66 Ind. 386, which rests upon a special verdict, or special finding, this case has been uniformly followed in all decisions involving a special verdict or special finding—and in effect holding, that if the special verdict or finding leaves some issue or material fact undetermined, such issue or fact will be regarded as not proved by the party having the burden of proof—and, if such verdict or finding contains substance enough to support a judgment one way or the other, it will not be objectionable because it does not pass upon all the issues, and the remedy for mistakes and errors not appearing upon the face of the verdict or finding is by motion for a new trial, and not by a *venire de novo*. Among the many cases that might be cited from this and the Appellate Court, see *Glantz* v. *City of South Bend,* 106 Ind. 305, 308; *Bartley* v. *Phillips,* 114 Ind. 189; *Indiana, etc., R. Co.* v. *Finnell,* 116 Ind. 414, 420; *Board, etc.,* v. *Pearson,* 120 Ind. 426, 430, 16 Am. St. 325; *Evansville, etc., R. Co.* v. *Maddux,* 134 Ind, 571, 579; *Louisville, etc., R. Co,* v,

*Berkey,* 136 Ind. 181, 191; *Heiney v. Lontz,* 147 Ind. 417; *Zimmerman* v. *Gaumer,* 152 Ind. 552.

And in all cases since the Graham case, brought to our attention, involving a general verdict or finding which showed upon its face that less than the whole issue was covered, or was so ambiguous and uncertain as to afford no foundation for a judgment, a *venire de novo* has been held to be the proper remedy. Among the cases, see *Ridenour* v. *Beekman,* 68 Ind. 236; *Clark* v. *Brown,* 70 Ind. 405; *Brickley* v. *Weghorn,* 71 Ind. 497; *Peed* v. *Brenneman,* 72 Ind. 288, 290; *Ridenour* v. *Miller,* 83 Ind. 208; *Bunnell* v. *Bunnell,* 93 Ind. 595; *Baughan* v. *Baughan,* 114 Ind. 73; *Bohr* v. *Neuenschwander,* 120 Ind. 449, 456; *American White Bronze Co.* v. *Clark,* 123 Ind. 230, 232.

So it must be held that the rule springing from *Graham* v. *State, ex rel., supra,* which must now be considered as firmly established in this State, modifies the common law rule with respect to the writ of *venire de novo,* only in its application to special verdicts and special findings as ruled by our civil code.

Judgment reversed, with instructions to sustain appellant's motion for a *venire de novo.*