Filed Sept. 29, 1888.

———————

No. 13,452.

NEISLER *v.* HARRIS ET AL.

FRAUD.—*Fraudulent Intent.—Must be Proved.—Presumption.*—The question of fraudulent intent is in all cases a question of fact, which can not be presumed, but when it is averred must be proved and found.

SPECIAL FINDING OF FACTS.—*Conclusions of Law.—Exception to Conclusion of Law Admits Correctness of Finding.*—An exception to a conclusion of law, based on a special finding of facts, admits that the facts have been fully and correctly found by the trial court.

FRAUDULENT CONVEYANCE.—*Conclusion of Law.—Practice.*—In an action attacking a conveyance as fraudulent, when the special finding of facts by the trial court does not disclose the existence of fraud or fraudulent

intent in the conveyance, the plaintiff is not entitled to a conclusion of law thereon, nor a judgment in his favor.

From the Marion Superior Court.

*L. Ritter* and *E. F. Ritter*, for appellant.

*D. V. Burns*, for appellees.

Howk, J.—In this case appellant, Neisler, as plaintiff, sued the appellees, Charles E. and Hannah W. Harris, as defendants. In his complaint, plaintiff alleged that, at and prior to the — day of ——, 1884, defendant Charles E. Harris was and since had been indebted to plaintiff in the sum of $3,000, for money laid out and expended by plaintiff for said defendant, and for his use and benefit, as shown by bill of particulars therewith filed; and that such indebtedness was then due and owing and wholly unpaid, although payment thereof had been theretofore demanded. Plaintiff averred that, while said defendant was so indebted to him, to wit, on the — day of ——, 1884, said defendant purchased from one —— Stilz certain real estate, particularly described, in Marion county, Indiana; that for the fraudulent purpose of cheating, hindering and delaying his creditors, and especially the plaintiff, said defendant procured said real estate to be conveyed to his wife, Hannah W. Harris, his co-defendant herein; that said Hannah W. paid no part of the consideration for said conveyance, but that the same was wholly paid by defendant Charles E. Harris; that, at the time said conveyance was made, said Hannah W. Harris had notice of the aforesaid fraudulent purpose of said Charles E. Harris; that, at the time said conveyance was made, said Charles E. Harris had no other property, subject to execution, sufficient to satisfy plaintiff's claim or any part thereof; and that, at the time this suit was commenced, said Charles E. Harris had no other property subject to execution. Wherefore, etc.

Plaintiff stated his alleged cause of action herein in two other paragraphs of complaint, which differ from the first

paragraph chiefly in this : That in each of the second and third paragraphs of his complaint, plaintiff has set forth certain contracts and agreements, in which he claims that the alleged indebtedness of said Charles E. Harris to him had its origin. It is not necessary, we think, to a proper understanding of this case, or of the questions presented for decision herein, that we should now give a summary even of the facts alleged by plaintiff in the last two paragraphs of his complaint.

Defendant Hannah W. Harris separately answered by a general denial of the whole complaint. Defendant Charles E. Harris separately answered in two paragraphs, as follows : 1. A general denial of the complaint; and 2. Payment in full of the demands sued for, before the commencement of the action.

Plaintiff replied by a general denial of the second paragraph of answer.

The issues joined were tried by the court; and at plaintiff's request, the court made a special finding of the facts, and thereon stated its conclusions of law in favor of defendant Hannah W. Harris, and (2) in favor of plaintiff as against defendant Charles E. Harris, in the sum of $2,768.30. Over plaintiff's exception to the first conclusion of law, the court rendered judgment thereon that plaintiff take nothing by his suit as against said Hannah W. Harris, and that she recover of him her costs. On appeal, the general term affirmed the judgment at special term, and from the judgment of the general term the plaintiff prosecutes this appeal.

In general term below, plaintiff assigned error upon the first conclusion of law upon the facts found specially by the trial court, and he has properly presented here the same alleged error for our consideration.

The facts found by the trial court were substantially as follows :

1. On and before the 12th day of April, 1884, the plain-

tiff, Oscar L. Neisler, and the defendant Charles E. Harris were partners engaged in manufacturing and selling patent coiled hoops and trunk-slats, upon leased property at numbers from 516 to 524 East Michigan street, in the city of Indianapolis, Marion county, Indiana, and owned the building, machinery, engines, boiler and mills situate thereon; and at and before that time, one Aden Baber had a mortgage upon said building and machinery, for the sum of $4,000, taken to secure money loaned to said firm.

2. On the said 12th day of April, 1884, plaintiff sold and assigned his interest in said firm to the defendant Hannah W. Harris, who is the wife of defendant Charles E. Harris. Said Hannah W. Harris took said interest subject to and with knowledge of said mortgage to said Aden Baber, but did not assume or promise to pay the same. In said purchase, said Charles E. Harris acted as her agent, and, without any consideration moving to him, promised and agreed to pay all of the said firm's debts.

3. On the same day, said Charles E. Harris assigned all of his interest to said Hannah W. Harris in said firm, for the consideration of a former debt, and she conveyed to plaintiff a house and lot subject to a mortgage, which she did, leaving said Charles E. Harris no property with which to pay any of his debts, of which fact said Hannah W. was apprised and had knowledge.

4. Said Hannah W., by and through her said husband, Charles E. Harris, continued to carry on said business. She procured an insurance in the Farmers of York Insurance Company for $1,000, upon said property, which she so purchased of plaintiff and her husband, Charles E. Harris. On the 6th day of August, 1884, said property burned down and said Hannah W. collected of said company upon said insurance the sum of $769.55, which, with about $300 derived from the sale of lots owned by herself and husband as tenants by entirety, she invested in the real estate on which she then resided, described in the complaint herein.

5.. Neither the said Charles E. nor Hannah W. Harris paid any portion of said mortgage to said Aden Baber, and plaintiff had been compelled to pay, and had paid, the sum of $2,-768.30 of said debt. All the other debts of said firm had been paid, and no debts had been made since the plaintiff sold out his interest in said firm, that were then unpaid; and there was none of the partnership property out of which any portion of said mortgage debt could be made.

Upon the foregoing facts the trial court stated the following conclusions of law:

"*First.* The foregoing facts are not sufficient to constitute any cause of action in favor of the plaintiff as against the defendant Hannah W. Harris.

"*Second.* The plaintiff herein is entitled to recover against the defendant Charles E. Harris the sum of twenty-seven hundred and sixty-eight dollars and thirty cents."

The only question for our decision in this case may be thus stated: Are the facts found specially by the trial court, the substance of which we have given, sufficient to constitute the cause of action stated by plaintiff against the defendant Hannah W. Harris, in any one of the paragraphs of his complaint herein?

We are of opinion that this question must be answered in the negative. By his exception to the first conclusion of law, plaintiff admits that the facts of this case have been fully and correctly found by the trial court. *Bass* v. *Elliott*, 105 Ind. 517; *Wynn* v. *Troy*, 109 Ind. 250; *Warren* v. *Sohn*, 112 Ind. 213.

Plaintiff did not claim in his complaint herein, or in any paragraph thereof, that he had a personal cause of action against the defendant Hannah W. Harris. As against her, the very utmost that he claimed in any paragraph of his complaint was, that she held the legal title to certain real estate, which had been conveyed to her by the procurement of her husband, Charles E. Harris, for the fraudulent purpose of cheating, hindering and delaying the husband's creditors, and

especially the plaintiff. This is the cause of action stated by plaintiff against the defendant Hannah W. Harris, in his complaint herein ; and the facts found specially by the trial court must sustain this cause of action, or the plaintiff can not recover as against said Hannah W. Harris in this suit. This is settled by our decisions. *Boardman* v. *Griffin,* 52 Ind. 101; *Phœnix Mut. Life Ins. Co.* v. *Hinesley,* 75 Ind. 1 ; *Thomas* v. *Dale,* 86 Ind. 435 ; *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160.

In this State the question of fraudulent intent is, in all cases, a question of fact, which can not be presumed, but, when it is averred, must be proved and found. Section 4924, R. S. 1881; *Lockwood* v. *Harding,* 79 Ind. 129 ; *Morris* v. *Stern,* 80 Ind. 227; *Dessar* v. *Field,* 99 Ind. 548.

In the case in hand it will be observed that the trial court failed to find that there was any fraud or fraudulent intent in the conveyance to said Hannah W. Harris of the real estate which plaintiff sought to have subjected to the payment of his claim against said Charles E. Harris. If it were conceded that some of the facts specially found were badges of fraud, or *indicia* of fraudulent intent, still, as the trial court wholly failed to find the ultimate fact, the facts found were not sufficient in this case to entitle the plaintiff to a conclusion of law or judgment as against the defendant Hannah W. Harris. *Elston* v. *Castor,* 101 Ind. 426, on p. 445; *Stix* v. *Sadler,* 109 Ind. 254.

Our conclusion is, that, upon the facts found specially, the trial court did not err in concluding, as matter of law, that the facts so found were not sufficient to constitute a cause of action against said Hannah W. Harris.

The judgment is affirmed, with costs.

Filed Sept. 29, 1888.