Walling *v.* Lewis, Administrator.

No. 13,601.

## WALLING *v.* LEWIS, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Indemnifying Chattel Mortgage.*—*Execution and Sale.* —*Conversion of Mortgaged Property.*—An administrator who has taken a chattel mortgage from an insolvent debtor to indemnify the estate against loss on account of the decedent having become surety for the mortgagor, may, without first paying the debt, maintain an action against an unsecured creditor of the mortgagor who has caused the mortgaged property to be seized and sold on execution in satisfaction of his claim.

SAME.—*Right of Administrator to Take Mortgage.*—*Order of Court.*—It is not necessary that an administrator should obtain an order of court to that end before taking a mortgage to indemnify the estate in his hands against loss.

DEBTOR AND CREDITOR.—*Fruits of Vigilance.*—One creditor has a right to obtain security for his claim, if it be honest, to the exclusion of other creditors.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellant.

*J. K. Ewing* and *C. Ewing,* for appellee.

MITCHELL, J.—This was an action by Lewis, as administrator of the estate of Peter J. Bailey, deceased, against Walling and Barnes, the latter being a constable, in Decatur county, to recover damages for the unlawful conversion of certain goods and merchandise of which the plaintiff had taken possession in pursuance of the terms of certain chattel mortgages theretofore executed by one Alvin L. Bailey.

It appeared that Alvin L. Bailey had executed certain chattel mortgages to the administrator of the estate of Peter J. Bailey, to indemnify the estate against loss or liability on account of Peter J. Bailey having in his lifetime become bound as surety on certain notes, amounting to about $1,600, which remained unpaid, which Alvin L. Bailey, who is alleged to be wholly insolvent, had executed as principal. The

mortgages were duly recorded. Walling recovered a judgment against Alvin L. Bailey, before a justice of the peace, and procured and directed Barnes, as constable, to seize and sell certain of the goods mortgaged and theretofore delivered over to the administrator. It is alleged that Walling purchased, took possession of, and converted the goods so sold by the constable to his own use, without paying any part of the mortgage debt. There was judgment in favor of Barnes, and against Walling, in the court below. The latter prosecutes this appeal, and urges various grounds for a reversal of the judgment. It is objected that it does not appear that the plaintiff below sustained any damage. Upon that subject the proof shows that the estate of Peter J. Bailey was liable to various parties, in whose favor claims had been allowed, amounting to over $1,800, as surety for Alvin L. Bailey, who was shown to be insolvent. The administrator was in possession of the mortgaged goods at the time they were seized. The chattel mortgages vested the legal title in him, subject to the right of the mortgagor to redeem by performing the condition of the mortgages. *Lee* v. *Fox*, 113 Ind. 98, and cases cited. He has realized out of the goods not seized by the constable $880, leaving the estate liable for about $1,000 of security debts, with nothing out of which to be reimbursed. This shows that the estate has sustained damage by being deprived of part of the security which the administrator had taken as indemnity against loss. By the terms of the chattel mortgages, the principal agreed to pay the several debts upon which the intestate was surety, as they severally matured. It was shown that he failed to do this, and that judgment had been taken against the estate on account of those debts. It was not necessary that the administrator should have first paid the debts in order to show damage to the estate. *Reynolds* v. *Shirk*, 98 Ind. 480; *Catterlin* v. *Armstrong*, 101 Ind. 258.

The finding of the court is sustained by the evidence. It

was not necessary that the administrator should first have obtained the order of the court before securing indemnity for the estate of Peter J. Bailey from the mortgagor. It is the duty of an administrator to exercise the same care and vigilance in collecting or securing claims in favor of the estate of which he is the administrator, as a prudent man would in like matters in which he was personally interested. There was neither legal nor moral wrong in obtaining security for the liability of the estate, even though it may have been known at the time that the claim of the appellant would be postponed thereby. One creditor, whose claim is honest, is not bound to abate any degree of vigilance in obtaining security from his debtor, in order to give some other creditor an equal or superior chance to secure his claim. *Gilbert* v. *McCorkle*, 110 Ind. 215.

There is nothing in the evidence indicative of any fraudulent intent in the execution of the mortgages. The finding in favor of the constable, Barnes, affords no reason for the exoneration of the appellant, who converted the goods and applied them to the satisfaction of his judgment. *Nichols* v. *Nowling*, 82 Ind. 488.

Some objections to the rulings of the court in admitting and excluding evidence are suggested. We do not deem the questions of sufficient moment to state them in detail. The court committed no error in its rulings.

The judgment is affirmed, with costs.

Filed June 26, 1889.