The Citizens Bank *v.* Bolen *et al.*

No. 13,913.

THE CITIZENS BANK *v.* BOLEN ET AL.

PRACTICE.—*Trial without Issue.— Waiver.*—Where the parties go to trial before the cause is at issue, they waive all questions which would otherwise be available to them because of the absence of the necessary pleadings.

SPECIAL FINDING.—*Practice.— Venire de Novo.*—A *venire de novo* will not be awarded where the special finding or special verdict is not defective in form.

SAME.—*Failure to Find Facts.—New Trial.*—If the verdict or finding does not cover all the issues in the case, or all the material facts involved in any of the issues, the remedy is by a motion for a new trial, and not for a *venire de novo.*

SAME.—*Omission of Material Fact.—Presumption as to Evidence.*—Where a fact material to any issue in the case is omitted from the special finding or special verdict, the presumption is that there was not evidence sufficient to establish the fact, and the omission is equivalent to a finding against the party having the burden of the issue as to that particular fact.

FRAUDULENT CONVEYANCE.—*Creditor's Bill to Set Aside.—Intent.—A Question of Fact.—Special Finding.*—The question of fraudulent intent is a question of fact, and not of law, under the statute of this State, and in an action in the form of a creditor's bill to set aside a conveyance as fraudulent, where there is a special finding, a fraudulent intent must be found as a fact, otherwise the conveyance can not be held to be fraudulent as to creditors.

SAME..— *Wife's Inchoate Interest.—Right of Disposal in Exchange.*—A wife, having an inchoate interest in the real estate of her husband, has the right on the exchange of his land for other land, to sell her inchoate interest for the best price possible, if she acts in good faith, without reference to her husband's financial condition.

From the Jay Circuit Court.

*J. B. Jaqua, D. F. Taylor, J. A. Jaqua* and *R. H. Hartford,* for appellant.

*J. W. Headington, J. J. M. La Follette* and *J. F. La Follette,* for appellees.

BERKSHIRE, J.—This was an action upon two promissory

notes, and to subject certain real estate to sale to satisfy whatever judgment the appellant, who was the plaintiff in the court below, might recover upon the notes.

The complaint, as originally filed, was in two paragraphs, the first of which was afterwards amended and filed as an amended paragraph.

Demurrers were filed and overruled to these paragraphs of complaint, after which the appellees answered by general denial. Afterwards, and by leave of court, the appellant filed two additional paragraphs of complaint, numbered three and four respectively. The appellees having been ruled to answer these paragraphs, filed an answer in one paragraph. To this paragraph of answer a demurrer was filed, which was sustained by the court. The record then recites that the cause being at issue, it was submitted to the court for trial.

The first paragraph of complaint is an action on a promissory note and a creditor's bill combined. The note was executed by the appellee Frank D. Bolen, payable in the appellant's bank, and to one A. W. Cunningham, and by him endorsed to the appellant before maturity.

The ordinary allegations found in a creditor's bill to set aside an *alleged fraudulent conveyance are found in this paragraph of complaint, and, among others, that the female appellee to whom the conveyance was made paid no consideration therefor, and had notice of the fraudulent design charged against the appellee Frank D. Bolen. It is also charged that the appellees entered into a conspiracy to defraud the creditors of the appellee Frank D. Bolen, and that the conveyance to the appellee Rebecca M. Bolen, was the culmination of the conspiracy.

The second paragraph of complaint does not differ from the first, except that it rests upon a promissory note executed to Stephens & Son, and payable to their order in the appellant's bank, and endorsed to appellant for value before maturity.

The third paragraph of complaint rests upon the same

obligation as the first paragraph, and only differs from it in that it omits the allegation of conspiracy, and instead of a purchase and payment of the purchase-money of the real estate here involved by the appellee, Frank D., it is alleged that he exchanged other lands for the said real estate, and directed that it be conveyed to the female appellee.

The fourth paragraph of complaint is the same as the third, except that it rests upon the same obligation as the second.

At the request of the appellant, made at the proper time, the court made a special finding.

Upon the special finding as made by the court it rendered judgment upon the obligations sued upon against the appellee Frank D. Bolen for $173.76, and judgment for the appellees as to the *bona fides* of the conveyance executed to the female appellee.

The appellant filed a motion for a *venire de novo*, which the court overruled, and the proper exception was taken. It then moved the court for a judgment *non obstante*, on the ground that the appellees filed no further answer to the third and fourth paragraphs of complaint after the sustaining of the demurrer to the answer filed by them as heretofore stated. There was also a motion to vacate the judgment rendered, and to render a judgment for the appellant, which presents the same question that is presented by the motion last above.

The substance of the errors assigned are :

1. The court erred in its conclusions of law upon the facts found.

2. The court erred in overruling the motion for a judgment in favor of the appellant upon the third and fourth paragraphs of the complaint.

3. In overruling the motion to vacate the judgment.

4. In overruling the motion for a *venire de novo*.

In the face of the recital in the record that the cause was at issue when it was submitted to the court for trial, we can not very well see how it can be successfully maintained that there was not a sufficient answer on file at that time to the

third and fourth paragraphs of complaint; without such an answer the cause was not at issue. But were it otherwise, it has been long and well settled by numerous decisions of this court, that where the parties go to trial before the cause is at issue, they waive all questions which would otherwise be available to them because of the absence of the necessary pleadings. *Lange* v. *Dammier,* 119 Ind. 567; *Trentman* v. *Eldridge,* 98 Ind. 525; *June* v. *Payne,* 107 Ind. 307; *Johnson* v. *Briscoe,* 92 Ind. 367; *City of Warsaw* v. *Dunlap,* 112 Ind. 576.

It is well settled that a *venire de novo* will not be awarded where the special finding or special verdict is not defective in form.

If the verdict or finding does not cover all the issues in the case, or all the material facts involved in any of the issues, the remedy is by a motion for a new trial, and not for a *venire de novo.* *Phelps* v. *Smith,* 116 Ind. 387; *Elston* v. *Castor,* 101 Ind. 426; *Indiana, etc., R. W. Co.* v. *Finnell,* 116 Ind. 414; *Louisville, etc., R. W. Co.* v. *Hart,* 119 Ind. 273, and cases cited.

It can not be successfully maintained that the special finding is defective in form; the contention is that it does not find as to all the facts which are involved in the issues that the court was called upon to try.

The presumption is that where a fact material to any issue in the case is omitted from the special finding or special verdict, there was not evidence sufficient to establish the fact, and the omission is equivalent to a finding against the party having the burden of the issue as to that particular fact.

The facts found by the court were substantially as follows: On the 20th day of October, 1885, the appellee Frank D. Bolen was the owner of 50 acres of land of the value of $1,700, and two town lots of the value of $150, and continued such owner until the 11th day of October, 1886, when he, together with his wife and co-appellee, conveyed the

same to one David Teeters in consideration of the assumption by Teeters of encumbrances on the property and other debts of the said appellee Frank D., amounting to $980, and the conveyance by Teeters to the female appellee of real estate in the town of Portland, Jay county, Indiana (the property involved in this action), of the value of $900.

Among other incumbrances on the fifty-acre tract was a mortgage for $540, in which the appellee Rebecca M. had joined. At the instance of the appellee Rebecca M., the appellee Frank D. caused the conveyance to be executed to her in consideration of the execution by her of the deed to Teeters. At the time of these transactions the female appellee had notice of the financial condition of her husband. At the time she joined in the conveyance to Teeters the inchoate interest of the appellee Rebecca M., was of the value of $600. After the conveyance to Teeters the appellee Frank D. was still indebted in the sum of $330, besides the indebtedness which Teeters assumed, and the value of the property still owned by him was $135, and at no time thereafter did he have property subject to execution sufficient to pay his indebtedness. During all of said time the said appellee was a resident householder of said county of Jay. The appellee Rebecca M. refused to join in the conveyance to Teeters, except upon the condition that the Portland property be conveyed to her.

From the facts as stated in the special finding the court could not do otherwise than to state, as a conclusion of law, that the conveyance to the appellee Rebecca M. was a legal and valid conveyance.

The question of fraudulent intent is a question of fact and not of law under our statute, and in an action in the form of a creditor's bill to set aside a conveyance as fraudulent, where there is a special finding, a fraudulent intent must be found as a fact, otherwise the conveyance can not be held to be fraudulent as to creditors. *Phelps* v. *Smith,* 116 Ind.

387; *Rose* v. *Colter*, 76 Ind. 590; *Elston* v. *Castor, supra,* 426; *Stix* v. *Sadler,* 109 Ind. 254; *Bartholomew* v. *Pierson,* 112 Ind. 430.

The appellee Rebecca M. held an inchoate right in the real estate conveyed to Teeters, of the value of $600; this she was under no obligation to convey or surrender. She had a right to sell her inchoate right and get the best price she could for it, without reference to her husband's financial condition, and if she acted in good faith (and nothing is shown to the contrary) there was no ground upon which the conveyance to her could be impeached by the creditors of her husband. *Jones* v. *Snyder,* 117 Ind. 229; *Hays* v. *Montgomery,* 118 Ind. 91.

But looking at the transactions complained of from another standpoint, the fifty acres of land conveyed to Teeters was found by the court to be of the value of . . . . $1,700
The lots so conveyed . . . . . . . . . . . . . . . 150

Total . . . . . . . . . . . . . . . . . . . . $1,850
Deduct from that debts and encumbrances assumed
    by Teeters . . . . . . . . . . . . . . . . . 950

The balance is · . . . . . . . ꜰ . . . . . . . . . $900
From this balance deduct the inchoate interest of the
    female appellee . . . . . . . . . . . . . . . . 600

The balance is . . . . . . . . . . . . . . . . . . $300
Add to that . . . . . . . . . . . . . . . . . . . 135

Personalty of the appellee Frank D., and we have . $435
He being a householder was entitled to an exemption of $600. Whatever of the indebtedness which Teeters assumed that was not an encumbrance on the property, and the amount does not appear, was a mere preference by the debtor of some of his creditors, which was his right; and as what remained was not equal to the inchoate right of the appellee Rebecca M., and the exemption of the appellee Frank D., the appel-

lant was not damaged in consequence of the conveyance to the female appellee and has no cause to complain. *Phelps* v. *Smith, supra; Blair* v. *Smith,* 114 Ind. 114 ; *Dumbould* v. *Rowley,* 113 Ind. 353 ; *Barnard* v. *Brown,* 112 Ind. 53 ; *Taylor* v. *Duesterberg,* 109 Ind. 165 ; *Faurote* v. *Carr,* 108 Ind. 123 ; *Burdge* v. *Bolin,* 106 Ind. 175.

Judgment affirmed, with costs.

