LYONS BANK AND TRUST COMPANY *v.* TUXEDO STATE BANK ET AL.

[No. 13,293. Filed May 6, 1929.]

*White & Jones, Weisman & Humphreys* and *John H. Regester,* for appellant.

*A. E. Schmollinger* and *Theophilus J. Moll,* for appellees.

LOCKYEAR, J.—This a term appeal by Lyons Bank and Trust Company, one of the defendants in a cause originally filed in the Greene Circuit Court, in which appellant and George Carpenter were made defendants.

The action is to declare appellant a trustee of real estate by reason of a conveyance executed by appellee George Carpenter to appellant, upon the ground that appellant, a creditor of appellee George Carpenter, and said George Carpenter entered into a conspiracy to defraud appellee Tuxedo State Bank, also a creditor of said George Carpenter, and that such deed was obtained by appellant pursuant to said conspiracy and for the purpose of defrauding the Tuxedo State Bank out of its alleged rights as a creditor of George Carpenter.

The complaint is in one paragraph. In substance, the complaint avers the corporate existence of each bank, that George Carpenter is an indorser on a promissory note held by the Tuxedo State Bank (appellee) for $3,844, dated October 2, 1924, payable in sixty days, executed by Roscoe Carpenter as principal and indorsed by three other named persons; that said note matured and that suit was filed on same; that, at the time said note was indorsed by George Carpenter, he, said George Carpenter, was the owner of 120 acres of land encum-

bered by a $2,000 mortgage; that, on the strength of said facts, said Tuxedo State Bank accepted said note; that defendants, appellant and George Carpenter, entered into a conspiracy whereby George Carpenter was to convey said land to appellant to defeat any claim which appellee bank might have against George Carpenter, as indorser on said note. The complaint further avers that said conveyance was made by said George Carpenter to said appellant. The prayer for relief asks that appellant be declared a trustee for appellee bank, and to convey to appellee bank said lands; also asked a restraining order against appellant to preserve and hold said property. The complaint does not ask that said deed be set aside or cancelled.

The facts in this case were found specially, and were, in substance, that George Carpenter was indebted to the appellee, Tuxedo State Bank, in the sum of $3,844 on a promisory note held by said bank, dated October 2, 1924, payable in sixty days, executed by Roscoe Carpenter as principal and indorsed by three other named persons; that said George Carpenter was an unmarried man, his wife having died about eleven years prior to the time herein named; that said George Carpenter became indebted on certain notes which he had indorsed to the appellant, Lyons State Bank and Trust Company; that one J. Thomas Jeffers was president of said bank and was a son-in-law of said George Carpenter; that some time prior to December 13, 1924, Jeffers called upon his father-in-law and requested him to pay the notes he owed the bank, and was informed that said Carpenter had no money and could not pay the notes; Jeffers told Carpenter that he would lay the matter before the directors, which he did in about a week, and returned and told Carpenter that the bank would take his farm at $12,000 and said Carpenter said he would make a deed to the bank, but that he wanted to keep the buildings, pasture

and a garden plot of about thirteen acres as long as he lived; that said Jeffers told said Carpenter he would see the directors, and, a few days afterward, told him the bank would take a deed to the farm subject to said mortgage he had on the farm, and the bank would cancel his two notes which he had indorsed and pay him $2,500 cash; that he could have the use of about thirteen acres and buildings, and all receipts in excess of expenses of keeping the farm up and taxes from the farm during his lifetime; that nothing further was said until December 13, 1924, when said Jeffers called at his father-in-law's home and the deed was executed and an accounting held in compliance with said agreement. And the court found that the appellant, Lyons Bank and Trust Company, paid to the said George Carpenter, for and in consideration of the conveyance by him of said real estate to said Lyons Bank and Trust Company, the following:

| | |
|---|---:|
| Said bank canceled and delivered to said Carpenter his note to said bank in the sum of | $ 3,450.00 |
| Said bank canceled and delivered to said Carpenter another note to said bank in the sum of | $ 3,250.00 |
| Said bank canceled the interest due it on both notes in the sum of | $ 283.66 |
| Said bank assumed and paid a certain mortgage and interest on a part of said real estate in the sum of | $ 2,081.25 |
| Bank also paid tax lien on said real estate in the sum of | $ 300.00 |
| Bank also paid Carpenter as balance of purchase money | $ 2,500.00 |
| Total | $11,864.91 |

Special findings also show that said Carpenter paid said $2,500 in cash to Peoples State Bank of Jasonville in payment of Carpenter's note to said bank. The

special findings show that the full consideration of $11,864.91 was used to pay and discharge just debts and obligations of said Carpenter.

The court also found that the value of the real estate sold was $14,019.16.

The court found, in finding No. 6, that, by the deed made by the defendant George Carpenter to the defendant Lyons Bank and Trust Company, the real estate of George Carpenter was placed beyond the reach of the plaintiff and hindered and delayed the collection of the plaintiff's judgment. And the court found that the total value of the property owned by the said George Carpenter was $560, and appellee Tuxedo State Bank obtained judgment upon its notes, and execution was returned unsatisfied before the bringing of this action.

The court made and filed its conclusions of law upon the facts found as follows:

"(1) The court concludes that the law is with the plaintiff.

"(2) The court concludes, from the findings herein, that, as a matter of law, the deed made by the defendant George Carpenter to defendant Lyons Bank and Trust Company endangered, hindered, and delayed the collection of plaintiff's judgment found in the facts herein.

"(3) The court concludes, as a matter of law, that the deed, as set out in the plaintiff's complaint and the findings, from George Carpenter to the defendant Lyons Bank and Trust Company should be set aside as to the plaintiff, Tuxedo State Bank, and same held for naught.

"(4) That the Lyons Bank and Trust Company holds a first lien for the purchase money paid in discharge of a mortgage held by the Union Central Life Insurance Company in the sum of $2,130 and that said bank holds a first lien for said amount, together with interest thereon at six percent per annum from April

30, 1925, upon the said described real estate, and which claim and lien is superior and prior to plaintiff's judgment lien on said lands.

"(5) That said Lyons Bank and Trust Company holds a lien against the whole of the lands described in the complaint in the sum of $300.00 for taxes paid assessed against said real estate, which lien is prior and superior to the judgment lien of plaintiff.

"(6) That plaintiff recover from the defendant its costs herein laid out and expended, and the court renders judgment thereon in conformity with said findings, that the law is with the plaintiff; that the deed made by the defendant George Carpenter to the defendant Lyons Bank and Trust Company endangered, hindered and delayed the collection of the plaintiff's judgment found in the facts herein; that it is further ordered, adjudged and decreed by the court that the deed set out in the plaintiff's complaint and the findings herein from said George Carpenter to the defendant Lyons Bank and Trust Company should be set aside as to the plaintiff Tuxedo State Bank and said deed held for naught.

"It is further adjudged and decreed by the court that the defendant Lyons Bank and Trust Company holds a first lien for the sum of $2,130 together with interest thereon at six percent per annum from April 30, 1925, upon the real estate described in said deed and finding, and which claim and lien is superior and prior to plaintiff's judgment lien on said lands.

"It is further ordered and adjudged by the court that the defendant Lyons Bank and Trust Company holds a lien against the whole of the lands described in the plaintiff's complaint, in the sum of $300 for taxes paid, assessed against said real estate, which lien is prior to and superior to the judgment lien of the plaintiff. It is further ordered, adjudged and decreed by the court that the deed of the defendant George Carpenter to the de-

fendant Lyons Bank and Trust Company be set aside and held for naught as against this plaintiff, except the liens herein set out for purchase money, interest and taxes."

The appellant contends that there is no fact found showing that appellant had any intent to defraud appellee, and that the absence of such a finding is absolutely fatal to appellee's right to recover, and renders the finding and decision of the court contrary to law. We concur in this view. *Stewart* v. *English* (1855), 6 Ind. 176; *Neisler* v. *Harris* (1888), 115 Ind. 560, 18 N. E. 39; *Phelps* v. *Smith* (1888), 116 Ind. 387, 17 N. E. 602, 19 N. E. 156; *Rose* v. *Colter* (1882), 76 Ind. 590; *Elston* v. *Castor* (1885), 101 Ind. 426, 51 Am. Rep. 754; *Stix* v. *Sadler* (1887), 109 Ind. 254, 9 N. E. 905; *Bartholomew* v. *Pierson* (1887), 112 Ind. 430, 14 N. E. 249; *Citizens Bank* v. *Bolen* (1889), 121 Ind. 301, 23 N. E. 146. The failure of the trial court to find fraud as an ultimate fact, the failure to find that appellant had fraudulent intent, creates a presumption that there was not evidence sufficient to establish the fact of fraud or fraudulent intention of the persons mentioned, and the omission is equivalent to a finding that fraud did not exist and that neither party had fraudulent intent. *Citizens Bank* v. *Bolen, supra.* This is equivalent to a finding against the appellee which had the burden of proving these particular facts. *Citizens Bank* v. *Bolen, supra.*

The question of fraudulent intent is one of fact and not of law under the statute, and in this action to set aside a conveyance as fraudulent, where there is a special finding, a fraudulent intent must be found as a fact, otherwise the conveyance cannot be held fraudulent as to creditors. There being no such finding, and no evidence thereof, the decision of the court is contrary to law. *Citizens Bank* v. *Bolen, supra;*

*Phelps* v. *Smith, supra; Rose* v. *Coulter, supra; Elston* v. *Castor, supra; Stix* v. *Sadler, supra; Bartholomew* v. *Pierson, supra.*

In this state, it is settled by a long course of decisions that an embarrassed or insolvent debtor may lawfully prefer one or more of his creditors, by payment, mortgage, pledge or deed, in exclusion of the others. No statute forbids such preferences; no rule of law is understood to prevent them. The fact that the person whose debt is so preferred is a wife or other near relative does not affect the validity of such preference. *Nappanee Canning Co.* v. *Reid, Murdock & Co.* (1902), 159 Ind. 614, 64 N. E. 870, 1115, 59 L. R. A. 199; *Larch* v. *Holz* (1913), 53 Ind. App. 56, 101 N. E. 127; *Johnson* v. *Jones* (1891), 16 Colo. 138, 26 Pac. 584; *Fluegel* v. *Henschel* (1898), 7 N. D. 276, 74 N. W. 996, 66 Am. St. 642; *Cleveland* v. *Sims* (1887), 69 Texas 153, 6 S. W. 634; *Mehlhop* v. *Pettibone* (1882), 54 Wis. 652, 11 N. W. 553, 12 N. W. 443; *Evans* v. *Mansur, etc., Implement Co.* (1898), 87 Fed. 275, 30 C. C. A. 640.

The appellant was doing a lawful act in securing its claim. One creditor whose claim is honest, is not bound to abate any degree of vigilance in obtaining security from his debtor, in order to give some other creditor an equal or superior chance to secure his claim. *Walling* v. *Lewis, Admr.* (1889), 119 Ind. 496, 498, 21 N. E. 1108, quoted with approval in *Larch* v. *Holz, supra; Slow* v. *Ohio Valley Roofing Co.* (1926), 198 Ind. 190, 152 N. E. 820.

We are of the opinion that the law of this case is with the appellant, and, therefore, the judgment herein is reversed, with instructions to the trial court to restate the conclusions of law and render judgment thereon in conformity with this opinion.