Lewis *v.* Citizens Bank of Covington et al.
[No. 14,778.   Filed May 19, 1934.]

*A. T. Livengood* and *N. M. Tiegarden,* for appellant.

*William N. White* and *Courtney W. Dice,* for appellees.

Curtis, J.—This was a suit brought in the Circuit Court of Fountain County, Indiana, by the appellant

against the appellees, seeking to set aside a conveyance of real estate executed by the appellees, Joseph Bodine and Susan Bodine, sometimes referred to as Susie Bodine, to the Citizens Bank, Covington, Indiana, Cates Bank of Cates, Indiana, and John W. Young.

Both of said banks were in liquidation. One William H. Lykins was the liquidating agent of the first named bank and was succeeded by The Fountain Trust Company as Receiver. William N. White was appointed as Trustee for the Cates Bank of Cates, Indiana, and was succeeded by Joseph Starkey.

The complaint was in one paragraph and alleged in substance that the appellant on June 2, 1931, recovered a judgment against the appellee, Joseph Bodine, for $1,533.90, together with costs, and that said judgment was in full force and effect; that an attempt had been made by execution to collect the amount of said judgment and that the sheriff's return thereon showed no property found; that on the 27th day of March, 1931, the said Joseph Bodine was the owner of certain real estate which it is unnecessary to describe in this opinion, and that on said day for the purpose and with the intent to cheat, hinder, delay, and defraud his creditors the said Joseph Bodine, together with his wife Susan Bodine, conveyed said real estate to said appellees, The Citizens Bank of Covington, Indiana, and The Cates Bank of Cates, Indiana, and John W. Young, and said grantees accepted said conveyance with full notice and knowledge of said fraudulent intent, and that the said Joseph Bodine, after said conveyance, had no property left subject to execution out of and from which the judgment of the appellant could be made. The issues were closed by a general denial.

The court upon proper request made a special finding of facts and stated its one conclusion of law thereon. The conclusion of law was favorable to the appellees

and a judgment was rendered in accordance therewith. The appellant duly reserved an exception to the said conclusion of law and prayed and perfected this appeal.

The error relied upon for reversal is that the court erred in its conclusion of law stated upon the special finding of facts.

The finding of facts is unchallenged and is in effect that on the said 27th day of March, 1931, the appellees, Joseph Bodine and Susan Bodine, his wife, were owners in fee simple of a certain tract of real estate which it is not necessary in this opinion to describe, and that on said day they were indebted to the appellees, The Citizens Bank of Covington, Indiana, in the sum of $5,411.00 and to The Cates Bank of Cates, Indiana, in the sum of $4,379.00 and to John W. Young, $113.00, making a total of $9,903.00, all represented by promissory notes executed by both of the Bodines to the respective creditors above named, and that on said date Joseph Bodine owed to the appellant the sum of $1,378.00 represented by his promissory note; that on said date the said Bodine and wife executed a conveyance of said real estate to the said Citizens Bank of Covington, Indiana, and to the said Cates Bank of Cates, Indiana, and to the said John W. Young as tenants in common to share in said land in the proportion of said indebtedness, and that said deed was duly recorded on the 27th day of March, 1931; that said conveyance was made to compound and settle the said indebtedness of the said Bodine and wife to the said grantees and that the real estate so conveyed was then and there of the value of $4,410.00 only; that previous to said conveyance the appellant and his attorney had some negotiations with the said Bodines looking toward a conveyance of said real estate by the said Bodines to the said appellant for the purpose of paying the said debt to the appellant, but that no conveyance was ever executed

and that the said appellant refused to become a grantee along with the appellees herein in the deed of conveyance to the appellees, stating that his refusal was because of a prior agreement growing out of said negotiations; that at the time of the said conveyance to the Cates Bank and to the other appellees the said bank was in liquidation but that said deed was approved by the Fountain Circuit Court wherein said liquidation proceedings were pending; that at the time of said conveyance the said Bodine and wife had no other property subject to execution, and that the value of said property conveyed did not exceed $4,410.00 and has not at any time since said conveyance exceeded said sum; that when said conveyance was made to said appellees the said notes of Bodine and wife to said appellees were cancelled and delivered up by said grantees to said Bodine and wife in consideration of said deed; that on said 27th day of March, 1931, the appellant brought suit against the said Joseph Bodine upon the promissory note due from said Bodine to said appellant, and, thereafter, on June 2, 1931, obtained a judgment against the said Joseph Bodine upon said note in the sum of $1,533.00, and that thereafter an execution was issued against the said Joseph Bodine and that said execution was returned unsatisfied, no property having been found.

It is the contention of the appellant that the said conveyance to the said appellees should be set aside as being fraudulent and void. He relies mainly upon Chapter 217 of the Acts of the General Assembly of the State of Indiana, p. 799, approved March 16, 1929 (§17-101, Burns 1933, §749, Baldwin's 1934). We cannot agree with said contention.

The rule has long been established in the State of Indiana that an embarrassed or failing debtor may law-

fully prefer one or more of his creditors by payment, mortgage, pledge, or deed in exclusion of the others, and if the debt is a bona fide and honest one the said preference will not be set aside "when such action is taken in good faith" and in the absence of a fraudulent intent. This fraudulent intent will not be inferred from the mere fact of preference. The question of fraudulent intent is one of fact. It is to be noted from the finding of facts in the instant case that there is a complete absence of any such finding and in the absence of a finding of fraudulent intent this court will presume said conveyance not to be fraudulent. The omission of the trial court to find fraud is equivalent to a finding that fraud did not exist. For authorities sustaining the above principles of law see: *Lyons Bank and Trust Company* v. *Tuxedo State Bank et al.* (1928), 89 Ind. App. 269, 166 N. E. 254; *Nappanee Canning Company* v. *Reid, Murdock & Co.* (1902), 159 Ind. 614, 64 N. E. 870; *Larch et al.* v. *Holz* (1912), 53 Ind. App. 56, 101 N. E. 127, and the long line of authorities cited therein.

The said act of 1929 relied upon by the appellant does not prohibit the doing of the thing complained of by the appellant in the instant case. After providing the method and manner for an embarrassed or failing debtor to make a general assignment to a trustee for the benefit of all of his bona fide creditors, it then provides that: "Nothing in this act shall prevent any debtor from preferring a particular creditor or creditors by an assignment not made under this act, conveying less than all of the debtor's property or made for the benefit of less than all of his creditors, or by other means when such action is taken in good faith, and not as a part of or in connection with a general assignment made under this act . . ." This

last provision is in the main but declaratory of the rule long established in this state by judicial decision.

After a careful reading of the finding of facts it is our opinion that the conclusion of law stated by the court thereon is correct. We have found no reversible error. The judgment is affirmed.